54b 225
39ap 82

## In the matter of the application of FREDERICK D. TAPPAN, to vacate certain assessments.

The common council of the city of New York are authorized to assess the costs of a local improvement upon the property benefited thereby.

The fees of the officers who do this duty are a part of the costs of the work.

No confirmation of such assessments, by the common council, is necessary; that duty devolving upon the *board of revision* created by chapter 308 of the laws of 1861.

The act of the legislature of 1861, creating a board of revision, is not void as infringing the constitution of the state. The subject of the act is expressed sufficiently in its title. It is, "An act relative to contracts."

If the names of the owners and occupants of property assessed are the same, in an assessment, as upon the tax lists of previous years, this is all the law requires in respect to the mode of stating the names of owners and occupants.

The common council has the power, by ordinance, to direct the filling of sunken lots, and in case it deems it necessary, to do the same at the expense of the owners, forthwith.

It is the duty of the common council to assess the cost of the improvement upon the property benefited, and not to cast that burthen upon the taxpayers at large.

APPEAL from an order made at a special term, denying the application of Frederick D. Tappan, to vacate certain assessments of property in the city of New York.

The objections to the assessments were as follows:

*First.* It was objected, to all the assessments, that they included a charge for assessing. The gross amount charged for assessing was $705.75.

*Second.* That the assessments had never been confirmed by the common council.

*Third.* That they did not state the name of the owner or owners, occupant or occupants, of the property assessed.

*Fourth.* It was specially objected to two of the assessments, (Nos. 2 and 3,) that they were irregular, for the reason that there was no authority to lay an assessment for filling sunken lots, and also for the reason that the ordinance should require the owner to fill the lots, before the work was done by the city.

*Fifth.* To the assessment numbered 6, it was specially objected that it was irregular, for the reason that the ordinance required the work to be done *where necessary.*

*Sixth.* To the assessment numbered 7, it was specially objected that the whole cost of the work was assessed upon the property owners; whereas the ordinance required that only one half of the expense of the work should be borne by the property owners.

*Charles E. Miller*, for the petitioner and appellant.

*Richard O'Gorman*, counsel to the corporation, *contra.*

*By the Court*, Geo. G. Barnard, J. I am not satisfied that the charge for making assessments is illegal. The common council are authorized to assess the cost of a local improvement upon the property benefited thereby. The fees of the officers who do this duty are a part of the cost of the work. These officers are now paid by a salary from the city treasury. It is just that the expenses of an office created for, and having no other duty to perform than to assess the costs of those improvements upon the lands which ought to pay therefor, should be paid as the other expenses are paid. It appears that the salaries of these officers are over seven thousand dollars per year; but it does not appear what further expense is incurred by the city in relation to the office. It does not, therefore, appear that any greater sum has been charged than the actual expense to the city in making the assessments. It has been repeatedly held by this court that an assessment will not be set aside because the charge for assessing is contained in it. No confirmation was needed by the common council. By chap. 308 of laws of 1861, a board of revision was created, whose duty it was made to confirm such assessments. This law is not void as infringing the constitution of the State.

---
In the matter of Tappan.
---

The subject of the act is expressed sufficiently in its title. It is, "An act relative to contracts." The assessment is based upon a contract, and this board of revision was created to do what the common council had done before the passage of the act. Their action was necessary to give validity to the contract made for a street improvement. The various means by which the legislature reach a result are not necessary to be set out in the title of the act; only the subject on which legislation is proposed.

No valid objection can be maintained by reason of the manner in which the names of the owners and occupants are stated in the assessment. The law specifies (*Chap.* 826, *Laws of* 1840) the person to whom the surveyor and assessors having charge of an assessment shall go for their information. It was to "the collector of taxes of the previous year," of the ward in which the lands were situated. The names of the owners and occupants are the same in this assessment as upon the previous year's tax list. This is all the law requires. (*Paillet* v. *Youngs,* 4 *Sand. Rep.* 56.) The common council had the power by ordinance to direct the filling the sunken lots, and in case it deemed it necessary, to do the same at the expense of the owners, forthwith upon the passage of the same. (2 *Rev. Laws* 1813, *p.* 446, §§ 270, 271. *Laws of* 1824, *p.* 39, § 2.)

It was the duty of the common council to assess the cost of the improvement upon the property benefited, and not cast this burden upon the tax-payers at large. I am of opinion that the order at special term should be affirmed, with costs.

Order affirmed.

[NEW YORK GENERAL TERM, January 4, 1869. *Geo. G. Barnard, Clerke* and *Sutherland,* Justices.]