JOHN HALSEY HAIGHT, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

It is not essential to the validity of a tax upon land in the city of New York to have the name of the owner inserted in the assessment-list; the tax may be assessed directly upon the land, properly describing it.

*It seems* that the only effect of omitting the owner's name, or of inserting the name of one who is not the owner, is to deprive the city of the right to collect the tax from the owner personally, or out of his personal property, and to confine its remedy to the enforcement of the lien upon the land assessed.

(Argued April 29, 1885 ; decided June 9, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 7, 1884, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term and directed judgment for defendant. (Reported below, 32 Hun, 153.)

This action was brought by plaintiff, who was owner of cer-

tain premises in the city of New York, for the purpose of having certain assessments thereon declared void, and to have said assessments and the taxes based thereon vacated and set aside, and to restrain the collection thereof.

In the assessment-rolls the premises were properly described, but in the first column designed for the names of owners or occupants opposite the description was inserted the following: "Est. of R. K. Haight."

*J. Alfred Davenport* for appellant. Assessments to "Est. R. K. Haight," are not made to any owner or occupant or to unknown owners, but are equivalent to assessments made without the insertion of any name whatever in the "detailed statements" required to be made by the deputy tax commissioners, by section 7, chapter 302 of the Laws of 1859, and in the "assessment-rolls" required to be made by section 12 of the said act, and are, therefore, invalid. (*Trowbridge* v. *Horan*, 78 N. Y. 439; *Platt* v. *Stewart*, 8 Barb. 493; *Du Bois* v. *Webster*, 7 Hun, 371; *Van Rensselaer* v. *Whitbeck*, 7 N. Y. 517; *Westfall* v. *Preston*, 49 id. 349; *Whitney* v. *Thomas*, 23 id. 281; *Hallock* v. *Rumsey*, 22 Hun, 89; *Cruger* v. *Dougherty*, 1 Lans. 464.) The act of 1867 contains no words of repeal, and therefore the prior statutes as to the mode of assessing real estate remain in force, except to the extent that they are modified by necessary implication. (*People, ex rel. W. F. I. Co.,* v. *Davenport*, 91 N. Y. 574; *Mc Carter* v. *Orphan Asylum*, 9 How. 504; 19 Vin. Abr. 525, 132; *Williams* v. *Potter*, 2 Barb. 316; *Hayes* v. *Symonds*, 9 id. 260; 41 id. 95; 5 Hill, 221; 13 How. Pr. 442.) An error in determining who was the owner or occupant of real estate would be fatal to the validity of the tax. (*Whitney* v. *Thomas*, 23 N. Y. 281, 285.) The presumption that the taxing officers have done their duty is overcome by the evidence. (*Ralston* v. *Crittenden*, 13 Fed. Rep. 508; *Mason* v. *Fearson*, 9 How. [U. S.] 248; *French* v. *Edwards*, 13 Wall. 506; *Rex* v. *Barlow*, 2 Salk. 699; *People* v. *Supervisors*, 51 N. Y. 401; *Phelps* v. *Hawley*, 3 Lans. 160; Maxwell on Statutes, 218, 325, 330.)

The tax being void for want of jurisdiction, an injunction will lie against the city to prevent its enforcement or collection, on the ground, among others, that the record of the alleged tax, with the tax lease in pursuance thereof, would be a cloud upon the title of the property in which the plaintiff is interested. (Laws of 1871, chap. 381, § 4; *Scott* v. *Onderdonk*, 14 N. Y. 9; *Mann* v. *City of Utica*, 44 How. Pr. 334; *Crooke* v. *Andrews*, 40 N. Y. 547.) The court, at Special Term, rightly interfered by reason also of its equity jurisdiction in respect of trusts, to protect the trust estate in the hands of the executor from being applied to purposes foreign to the trust, to-wit, to the payment of a void tax; the plaintiff being remediless at law by reason of the fact that the executor was unable to respond, and was acting in good faith under a mistake. (*Depau* v. *Moses*, 3 Johns. Ch. 349; *Chappell* v. *Akin*, 39 Ga. 177; *Mitchell* v. *Stewart*, 3 Abb. [N. S.] 250; *Pierson* v. *Thompson*, 1 Edw. Ch. 212; *Griffin* v. *Ford*, 1 Bos. 123; Story's Eq. Jur. 1, § 531 *et seq.*)

*D. J. Dean* for respondent. If the name of the owner or occupant were known to the assessors, they should have inserted such name in the rolls. The presumption is that public officers perform their duty. If the man is not in the rolls, the presumption is that he was not known. The burden is on the plaintiff to overcome this presumption. (*In re Hebrew Orphan Asylum*, 70 N. Y. 476; *In re Bassford*, 50 id. 512; *In re Williamson*, 3 Hun, 65.)

RAPALLO, J. We are of opinion that in the city of New York it is not essential to the validity of a tax upon land, that the name of the owner should be inserted in the assessment-list. The tax may be assessed directly upon the land, properly describing it, and the only effect of omitting to insert the name of the owner, or of inserting the name of one who is not the owner, is to deprive the city of the right to collect the tax from the owner personally, or by distress of goods and chattels, etc., and to confine its remedy for the collection of

the tax to the enforcement of its lien therefor upon the land assessed.

In this respect the system of taxation upon land in the city of New York differs from that provided in the Revised Statutes for other parts of the State. The general provisions in regard to taxation require that the taxable inhabitants of each town be assessed in the same assessment-roll or list, in respect to both their real and personal estate, though the assessments are to be made in separate columns (R. S., art. 2, tit. 2, chap. 13, part 2), and the inhabitant so taxed is personally liable, not only for the taxes imposed upon his personal estate, but also for those upon his real estate. Taxes on real estate thus imposed, besides being collectible out of the personal property of the inhabitant taxed, constitute a lien upon the land for which he has been taxed. Under this system it has been repeatedly held that, unless land is assessed to the real owner or occupant by his name, the tax is void.

But with respect to the city of New York a different system has been established. Personal taxes are separated from taxes upon lands, and are placed upon a separate list or roll, alphabetically arranged. (Laws of 1867, chap. 410, § 5.) With respect to taxes upon land, it is expressly provided by the same act that "no tax or assessment shall be void in consequence of the name of the rightful owner or owners of any real estate in said city not being inserted in the assessment-rolls or lists. But in such case no tax shall be collected, except from the real estate so assessed."

This provision clearly indicates that the tax is to be imposed upon the land, and that it is immaterial to its validity that the owner's name should appear upon the list, except for the purpose of imposing upon him a personal liability for the tax. The insertion of the word "rightful" does not affect the sense of the provision. There would be no utility in inserting the name of any one but the rightful owner, and it cannot be supposed that the insertion of a name other than that of the real owner was intended to be required. Such a course could tend only to mislead, and would serve no useful purpose.

In the present case the name inserted in the list opposite the description of the property was "Est. R. K. Haight." This was not the name of any person, and the assessment in this form could not authorize the collection of the tax from the personal property of any individual. Still it was a legitimate element in the description of the property, and no one could have been misled by its use.

The judgment should be affirmed.

All concur.

Judgment affirmed.