## THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, THOMAS A. DAVIES AND REUBEN H. CUDLIPP AND OTHERS, APPELLANTS, *v.* RUSSELL SAGE, RESPONDENT.

*Assessments for local improvements in New York* — 1813, *chap.* 86, *sec.* 175 — *no personal liability is imposed upon an owner whose name does not appear on the rolls* — *such owner is not personally liable to a lienor paying the assessment in order to preserve his lien.*

In the year 1869 the plaintiff Davies gave a mortgage upon real estate, then owned by him, to the plaintiff company to secure his bond for $44,000. Subsequently other mortgages were given upon the same real estate to sundry persons, which were finally assigned to the defendant Sage, who foreclosed them in an action to which the first mortgagee was not made a party, Sage buying the property at the sale and receiving and recording a deed thereof on February 17, 1876. On December 29, 1876, an assessment for boulevard improvements was confirmed against the property in question, but the name of the defendant Sage was not inserted in the record. In April, 1877, the company foreclosed its mortgage, making Sage a party defendant, and procured a judgment under which the property was sold and a judgment for a deficiency entered against the plaintiffs Davies and Cudlipp.

The company having, on May 25, 1877, paid the amount of the assessment for the boulevard improvement, sought in this action to recover against Sage the amount so paid, under a provision contained in the act under which the assessment was laid (chap. 86 of 1813), to the effect that if any assessment be paid by any person, when by agreement or law the same ought to have been borne and paid by some other person, it should be lawful for the person paying to sue for and recover the money so paid.

*Held*, that although the assessment was, under the act of 1813, good and sufficient to bind the real estate, yet as Sage's name did not appear in the assessment books it created no personal liability which could be enforced against him.

That by paying the amount of the assessment the company did no more than to relieve the land of the lien of the assessment ostensibly for its own benefit, and did not thereby create a personal liability against the defendant which could be enforced in this action.

*It seems*, that if the city itself had possessed the right to pursue the defendant Sage personally for the collection of the assessment the case would have been essentially different.

*Mutual Life Insurance Company* v. *Sage* (28 Hun, 595) distinguished.

APPEAL from a judgment of the Special Term dismissing the complaint upon the trial.

The action was brought to recover the amount of an assessment made upon certain mortgaged premises paid by the plaintiff holding

the premises under a mortgage foreclosure. The claim was based upon section 175 of chapter 86 of the Laws of 1813, to the effect that if any assessment be paid by any person, when by agreement or law the same ought to have been borne and paid by some other person, it shall be lawful for the person paying to sue for and recover the money so paid.

*Julien T. Davies* and *Edwin Coffin,* for the appellants.

*D. T. Walden* and *A. J. Vanderpoel,* for the respondent.

Macomber, J.:

In the year 1869 the plaintiff, Thomas A. Davies, being then the owner of certain premises in the city of New York, mortgaged them to the plaintiff, the Mutual Life Insurance Company, to secure the mortgagor's bonds in the sum of $44,000. Subsequently other mortgages were made by the owner to sundry persons, which ultimately came into the hands of the defendant Sage, who foreclosed the same, buying in the property at the sale had therein under the judgment of foreclosure, taking the deed to himself, which was recorded on the 17th day of February, 1876.

The owner of the prior mortgage was not made a party to that action. On the twenty-ninth day of December following an assessment for boulevard improvements was confirmed against the property in question, but the name of the defendant Sage was not inserted in the assessment record. The Mutual Life Insurance Company subsequently, and on the 5th day of April, 1877, foreclosed its mortgage, making the defendant Sage a party defendant therein, and upon a sale of the premises under this judgment a deficiency was adjudged against the plaintiffs Davies and Cudlipp. The insurance company, on the 25th day of May, 1877, paid the amount of these assessments for boulevard improvements, amounting to the sum of $22,896.63, for which sum this action is brought, together with a large amount of back taxes.

In the judgment, in the action in which the defendant Sage was plaintiff, the clause was inserted requiring the referee to deduct from the amount received upon the sale, and to pay out of such moneys, after deducting his own fees and expenses, any lien or liens upon the premises so sold at the time of such sale for taxes and assessments.

Upon the former appeal in this action (28 Hun, 595) it was held that no recovery could be had by the plaintiffs, against the defendant, for any portion of the taxes which had been paid by them, but that the claim for the payment of the assessment for the boulevard improvements rested upon different considerations, and as the facts were then disclosed, the court was of the opinion that the plaintiffs could recover therefor. Upon the second trial it was made to appear, as it had not upon the previous trial, that the defendant Sage's name nowhere appeared in the assessment books of the city, and it is substantially for that reason that the trial court has again dismissed the complaint. It is contended by the counsel for the defendant, and, as we think, correctly, that, though the assessment under the act of 1813 (chap. 86, 2 R. L., 1813, 407, 408) was good and sufficient to bind the real estate, yet it created no personal liability which could be enforced against the owner. The one hundred and seventy-fifth section of that act provides that the assessment be made among owners or occupants of the houses or lots. It is difficult to perceive, under the rules regulating the imposition of assessment of land for local improvements which have been long well established, how a personal liability can be made out against the owner or occupant unless his name appear upon the assessment-roll or lists. The subsequent legislation (chap. 410, Laws of 1867, as well as chapter 326 of the Laws of 1840), which seem to confirm this view, has at least a legislative interpretation of the then existing law. Section 5 of the Laws of 1867 is a provision based on the assumption that prior thereto all such assessments would be held void which did not contain the name of the owner or owners of the land. " No tax or assessment shall be void in consequence of the name of the rightful owner or owners of any real estate in said city not being inserted in the assessment-rolls or lists, but in such case no tax shall be collected except from real estate so assessed."

In *Haight* v. *The Mayor* (99 N. Y., 280) it is, in substance, stated that the owner's name is immaterial to the validity of an assessment, and is material only for the purpose of imposing upon him a personal liability. But the case in that action did not arise under the act of 1813. In *Platt* v. *Stewart* (8 Barb., 493), which was an assessment under the act of 1813, it was held that the assess-

ment, which was noted as being against the estate of Garrison Stewart, was void, because it did not disclose the name of the owner or occupant, but that decision would not apply to the opening of streets under the act of 1813. (See, also, *Mann* v. *The City of Utica*, 44 How. Pr. R., 334; *Whitney* v. *Thomas*, 23 N. Y., 285; *Du Bois* v. *Webster*, 7 Hun, 373; *Chapman* v. *The City of Brooklyn*, 40 N. Y., 372; *Newell* v. *Wheeler*, 48 id., 486; *Trowbridge* v. *Horan*, 78 id., 439.)

The argument of the learned counsel for the plaintiffs is, that the rights of his clients are not worked out through the doctrine of subrogation to the rights of the city, but rest on the act of 1813, which gives, as he claims, in plain words, a right of action against the rightful owner by any person who shall have paid the assessment. But this argument fails vitally, inasmuch as it assumes that a personal liability of a party may be created by a voluntary act of another person alone, a proposition which the statute did not contemplate and to which we cannot give our assent. A party cannot obtain, by voluntarily paying an assessment, a greater right than the city itself had against the owner of the property assessed.

Therefore, when the plaintiff paid the amount of the assessment for the boulevard improvements, which were made upon the land at the time that the defendant was the owner of it, they did no more than to relieve the land of the lien of the assessment ostensibly for their own benefit. They could not thereby create a personal liability against the defendant where none had before existed. Had the city itself possessed the right to pursue the defendant personally for the collection of the. tax, the case would be essentially different.

The judgment should be affirmed, with costs.

BRADY, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.