PEOPLE *ex rel.* OSBORNE *v.* GILON *et al.*, Assessors.

(*Supreme Court, Special Term, New York County.* December 19, 1889.)

1. ERRONEOUS TAXATION—MANDAMUS.
   Where property has been assessed for improvements, *certiorari*, and not *mandamus*, is the proper remedy for reviewing the decision of the assessors.

2. VENDOR AND VENDEE—INCUMBRANCES—SUBSEQUENT ASSESSMENTS.
   The grantor of land is not liable to his grantee, on his covenant against incumbrances, for assessments laid after the grant, though the improvements were made before the grant.

At chambers. Application by William H. Osborne for *mandamus* to Edward Gilon and others, assessors of the city of New York, to make certain assessments on property in the names of former owners.

*Truman H. Baldwin*, for relator. *William H. Clark*, Corp. Counsel, and *George L. Sterling*, for respondents.

LAWRENCE, J. Conceding all the relator states in his moving papers to be true, this is not a proper case, in my opinion, for granting the *mandamus* which is asked for. The court will not by *mandamus* direct a *quasi* judicial tribunal what to do. It can only set the board of assessors in motion where it has refused to act. *People* v. *Common Council*, 78 N. Y. 33, and cases cited by RAPALLO, J. Here the board of assessors has acted, and has rendered its judgment upon the question referred to in the relator's affidavits. If the decision of the board of assessors was wrong, *mandamus* is not the proper remedy for obtaining a review of its decision. Such a review may be obtained on a writ of *certiorari*. Besides, it appears from the affidavits that the relator became the owner of the property assessed on the 30th of March, 1888, after the improvements had been made, but before the assessment had been laid. The assessment list was not completed until October 31, 1889. It was the duty of the relator, if he desired to protect himself against the incumbrance or lien of the assessment, to have provided therefor in his deed or contract of sale. It was held by the court of appeals in *Lathers* v. *Keogh*, 109 N. Y. 583, 17 N. E. Rep. 131, that, until the amount of a tax is ascertained in the manner prescribed by law, no lien or incumbrance exists by reason thereof. In that case the parties entered into a contract for the purchase and sale of certain real estate in this city, the conveyance to be made August 23, 1883, by warranty deed, "free and clear of all incumbrances," except certain specified mortgages. Prior to the making of the contract an assessment of the property for the tax for the year 1883 had been made, but the calculation of the tax was not made until thereafter; and the tax was not confirmed until August 29th, which, upon the defendant's refusal, the complainant was compelled to pay. In an action to recover the amount so paid, it was held that the tax was not a charge or incumbrance upon the property which the defendant was bound to pay, under covenant in his deed. In the case at bar,

I have nothing before me which shows what the covenants were which were contained in the deed to the relator from the heirs and devisees of Phillip Lambert. Even if it was a full covenant warranty deed, the case just cited shows that, as between the grantors and grantee, the former could not have been compelled to pay an assessment which was not completed until 18 months after the conveyance took effect. That the assessors were right in stating the name of relator as the owner of the property at the time of making the assessment is not only apparent from the conceded facts of the case, but also appeared so to be from the text-books. See *Paillet* v. *Youngs*, 4 Sandf. 50. Section 871 of the consolidation act is only a re-enactment of the Laws of 1813 as modified by chapter 326 of the Laws of 1840, which acts were considered in that case. See, also, *In re Tappan*, 54 Barb. 225; and *Haight* v. *Mayor*, 99 N. Y. 280, 1 N. E. Rep. 883. For these reasons this motion will be denied, with costs.