In re VAN BEUREN et al.

(Supreme Court, Special Term, New York County. January 24, 1898.)

TAXATION — CONDEMNATION OF PROPERTY—PAYMENT OF DAMAGES — RIGHT TO SET OFF TAXES.

Under N. Y. City Consol. Act, § 818, providing that, where the rightful owner of real property is not included in the assessment list, no taxes shall be collected, except from the real estate so assessed, where property which was assessed for the year 1897 in the name of unknown owners was condemned for a school site, and the report of the commissioners awarding damages to the property owners was confirmed on August 19, 1897, and taxes for 1897 were not confirmed until August 25th, the city comptroller had no right to set off such taxes against the award of the commissioners, since there was no personal liability to pay such taxes, and they did not constitute a lien on the property prior to their confirmation.

Application by one Van Beuren and others for a peremptory writ of mandamus to compel the comptroller of the city of New York to pay the relators the sum awarded them for property condemned for a school site. Writ granted.

Mitchell & Mitchell, for relator.

John Whalen, for defendant.

BEEKMAN, J. The property of the relators has been taken by the city for a school site in proceedings instituted to condemn it for that purpose pursuant to chapter 191 of the Laws of 1888. The report of the commissioners appointed in the proceeding was confirmed on the 19th day of August, 1897. Thereupon the title and right to the possession of the property passed out of the relators and vested in the city, and at the same moment the relators became immediately entitled to receive payment of the sum awarded as compensation for the property so taken, with interest, and the city became liable to pay

the same to them. The comptroller claims, however, that as the taxes for 1897 were confirmed on the 25th day of August, although some six days after the report of the commissioners was confirmed, the amount of such taxes which were apportioned to the property in question should be deducted and reserved from the award, and he refuses to pay to the relators more than the difference between the two sums. Had the property been assessed to the relators, there would be some foundation for this claim, as the taxes under such circumstances would have been a debt on their part to the city, their liability for which would have been determined on the second Monday of January of that year, and the city would therefore have had the right to offset it against its debt to the same parties for the award. But the property was assessed by the tax commissioners to unknown owners, and the provisions of section 818 of the New York city consolidation act apply, which declare that, where the name of the rightful owner of real property is not included in the assessment list, no tax shall be collected except from the real estate so assessed. See, also, Haight v. Mayor, etc., 99 N. Y. 280, 1 N. E. 883.

There being, then, no individual liability for the tax, it is only necessary to consider whether it was a lien or charge on the property at the time the report of the commissioners was confirmed. Counsel for the respondent dwells upon the fact that the liability for a tax becomes fixed on the second Monday of January in each year, and that subsequent changes of condition, either of the individual or of the property, do not affect this liability. This contention is perfectly sound, but it seems to me quite inapplicable in the situation before me. The familiar illustrations of the rule, as shown by the authorities cited by him, are cases where after the second Monday of January, but before the actual levy of the tax, the person then lawfully assessed has died, or where the real property so assessed has been conveyed to one whose real property is exempt by law from taxation. In the one case it has been held that the executor or administrator of the deceased person is bound to pay the tax when its amount is subsequently ascertained and it has been confirmed, and in the other case that, the property having been lawfully assessed in the first instance, a right of exemption subsequently acquired cannot be made retroactive. But none of these conditions exists here. The dispute here is not as to whether the property was lawfully assessed in the first instance, or whether its liability to be taxed continued, but whether the tax was a lien on the property at the time when the title passed to the city. The question is one that, I think, should be determined upon principles which, under similar circumstances, would apply as between vendor and vendee. Such, substantially, was the relation between the relators and the city; and the fact that the city, which is interested in collecting the tax, is in the position of a purchaser, ought not to vary the application of such principles. It has been repeatedly held that, where a private contract has been made for the sale and conveyance of property free from incumbrances, a tax not yet confirmed, but in respect of which the property has been duly assessed, is not such an incumbrance, because it has not yet become a lien, and that such a lien does not attach to the property until the

tax is confirmed. Association for Benefit of Colored Orphans v. Mayor, etc., of New York, 104 N. Y. 581, 12 N. E. 279; Lathers v. Keogh, 109 N. Y. 583, 17 N. E. 131. The question underwent a thorough discussion in the court of appeals in the case last cited. The court, after reviewing the statutory provisions germane to the subject, says (page 589, 109 N. Y., page 133, 17 N. E.):

"Until these requirements of the law have been fulfilled, the tax is not due or payable, and no lien attaches to the property, nor can any legal charge for any tax be said to rest upon it. Jurisdiction appertains to the board of aldermen to annex a tax to the name of a person and the property described as his, and all steps leading to that exercise of power by that body are initial only in the proceedings which result in taxation, and in no sense impose a charge or create an incumbrance upon the land described in the assessment roll. We do not think, therefore, that an assessment or a tax exists as an incumbrance, or as a charge upon lands in the roll, within the meaning of a covenant in a deed against charges, taxes, assessments, and incumbrances, until it has been confirmed, and the amount thereof has been determined in the methods prescribed."

The court there refers to the case of Rundell v. Lakey, 40 N. Y. 513, which might seem to be an adverse authority, and, after saying that it was decided by a divided court, states that it is inclined rather to adopt the principles laid down in Barlow v. Bank, 63 N. Y. 399, which is in harmony with the contention that the tax becomes a lien only upon its confirmation. I am aware, that in these cases the conclusions of the court were arrived at on a consideration of the question whether the tax, prior to its confirmation and levy, was a lien upon the property within the meaning of a covenant against incumbrances; but the rule, it seems to me, must be the same where the contract to sell and convey imports a sale free from incumbrances, although the deed to be given may be one without covenants of title. If the case in hand be, as I think it is, analogous to a voluntary transfer, then the rule which obtains in such cases should also apply here. The rights of the parties became fixed on the date of the confirmation of the report, and, as the taxes in question were not then liens upon the property, the comptroller had no right to deduct them, when subsequently confirmed, from the amount of the award which the city became liable to pay to the relators, the moment the title to the property vested in the corporation. Doubtless the city will lose the amount of the tax, but that will be due to the failure of the assessors to assess the property in the name of the relators, who were the rightful owners. If that had been done, the city would be in a position to sue for the amount, or to have it set off against the debt which it owed them. The fact that the property in question was assessed to unknown owners should be reduced to a formal stipulation, in order that it may form part of the record.

The motion for a peremptory writ of mandamus is granted, with costs. Notice order for settlement.