Judgment reversed and new trial granted, costs to abide the final award of costs.

———

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY E. JONES, Appellant, v. BIRD S. COLER, as Comptroller of the City of New York, and Others, Respondents.

*Tax sale in Brooklyn — what facts do not justify its cancellation on the ground that the owner was misled.*

The fact that, prior to the adjourned day of a sale of land by a registrar of arrears of the city of Brooklyn, in the original advertisement of which (issued in catalogue form pursuant to section 2 of title 8 of chapter 583 of the Laws of 1888) the property was charged with one assessment, a second catalogue appeared in which the land was charged not only with that assessment but with a second further assessment which had not been returned to the registrar as unpaid until after the preparation of the first catalogue, does not justify the cancellation of the sale on the ground that the owner of the land was misled as to the time of the sale, and that the land was sold for one assessment only, when other taxes and assessments were in arrears, where there is no evidence that the preparation of the second catalogue and its presence in the registrar's office misled the owner, or that she ever saw it prior to the sale, or that her action in respect to the sale would have been different had such catalogue not appeared, or that any intending purchaser was misled by it.

APPEAL by the relator, Mary E. Jones, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 20th day of October, 1899, denying her application for a writ of man-damus directing the defendants to cancel the record of certain tax sales of her property.

*Louis J. Altkrug*, for the appellant.

*William J. Carr* [*George S. Coleman* with him on the brief], for the respondents.

Willard Bartlett, J.:

On December 2, 1897, the registrar of arrears of the city of Brooklyn sold two lots belonging to the relator for the non-payment of a sewer assessment, and thereafter he delivered certificates of sale to the respective purchasers. This proceeding was instituted to procure an order directing that the sales be canceled of record because the owner claims to have been misled as to the time when the property would be put up for sale and because the property was sold for one assessment only when there were other taxes and assessments in arrears at the time the sale was made.

The sale was originally advertised for December 23, 1896, in a catalogue printed in pamphlet form for distribution to such persons as should make application for the same at the registrar's office, as prescribed by law. (Laws of 1888, chap. 583, tit. 8, § 2.) In the exercise of the power conferred upon him by the charter of Brooklyn, the registrar of arrears duly adjourned the sale from time to time until December 2, 1897, the day when the lots were sold. The claim that the relator was misled as to the date of sale arises out of the fact that before the adjourned day the registrar prepared another catalogue of Brooklyn property to be sold for taxes on December 28, 1897. In this catalogue appeared the relator's two lots, charged not only with the sewer assessment already mentioned, but with an assessment for grading and paving, which was not returned to the registrar as unpaid until after the preparation of the first catalogue.

The regularity of the proceeding in respect to the notice of the sale given in the first catalogue and the adjournment thereof down to the day on which the sale was actually made is not open to serious question. There is not the slightest evidence that the preparation of the second catalogue and its presence in the registrar's office, where possible purchasers might have obtained it before the adjourned day, really misled the relator or anybody else. It is true that the relator does allege in her petition in general terms that owing to the distribution of the said catalogue showing that the said property would be sold on the 28th day of December, 1897, she was misled as to the date of the sale; but she states no fact showing that her action in respect to the sale was any different from what it would have been in the absence of the second catalogue.

It does not appear that she ever saw the latter pamphlet prior to the sale; and if she did see it, the slightest inquiry would have informed her that it did not purport, and was not intended, to affect the adjournment previously ordered. Nor is there any proof that the intervening publication of the second catalogue confused or misled intending purchasers. It is possible that it may have done so; but that possibility does not entitle the property owner to have the tax sale adjudged null and void, as she demands in this proceeding. In a case where the owner could prove actual injury sustained by him in consequence of misleading notices by the selling officer, he could resort to the remedy by action to set aside the sale; but in the absence of evidence from which such injury may be found as a matter of fact, we have no case of clear legal right such as should be presented to authorize relief by means of the writ of mandamus.

The second objection to the validity of the tax sale seems even less substantial. We are unable to perceive how the owner can be injured by having his property sold for one assessment instead of two. It is true, as counsel argues, that taxes on real estate not only constitute a lien on the land, but are collectible out of the personal property of the landowner. (*Haight* v. *Mayor*, 99 N. Y. 280.) Here the plaintiff, instead of receiving the purchase price paid upon the tax sale less two assessments, will receive it with only one assessment deducted, and will have in pocket just so much more money with which to pay the second assessment which she thinks ought to have been charged against the property at the time when it was sold.

The learned judge below was clearly right in denying the relator's application, and the order of the Special Term should be affirmed.

All concurred.

Order affirmed, with ten dollars costs and disbursements.