PEOPLE ex rel. JONES v. COLER et al.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

1. SALES FOR TAXES — IRREGULARITIES — PAMPHLET ADVERTISEMENTS — MANDAMUS.

The fact that a pamphlet advertisement under Laws 1888, c. 583, tit. 8, § 2, declares that certain land will be sold for taxes which include an item for taxation for which the land had been advertised for sale by a previous pamphlet regularly issued, will not justify a cancellation of a sale according to the previous pamphlet, where neither the landowner nor intending purchasers are shown to have been misled by the subsequent pamphlet.

2. SAME—SEPARATE SALES FOR DIFFERENT ASSESSMENTS.

A sale of land for a single assessment for taxes may be made when there are other assessments in arrears.

Appeal from special term, Kings county.

Application for mandamus, on the relation of Mary E. Jones, against Bird S. Coler, as comptroller of New York City, and others, to compel respondents to cancel the record of certain tax sales of relatrix's property. From a denial of the application, relatrix appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Louis J. Altkrug, for appellant.
William J. Carr, for respondents.

WILLARD BARTLETT, J. On December 2, 1897, the registrar of arrears of the city of Brooklyn sold two lots belonging to the relatrix, for the nonpayment of a sewer assessment, and thereafter he delivered certificates of sale to the respective purchasers. This proceeding was instituted to procure an order directing that the sales be canceled of record because the owner claims to have been misled as to the time when the property would be put up for sale, and because the property was sold for one assessment only, when there were other taxes and assessments in arrears at the time the sale was made.

The sale was originally advertised for December 23, 1896, in a catalogue printed in pamphlet form for distribution to such persons

as should make application for the same at the registrar's office, as prescribed by law. Laws 1888, c. 583, tit. 8, § 2. In the exercise of the power conferred upon him by the charter of Brooklyn, the registrar of arrears duly adjourned the sale from time to time until December 2, 1897, the day when the lots were sold. The claim that the relatrix was misled as to the date of sale arises out of the fact that before the adjourned day the registrar prepared another catalogue of Brooklyn property to be sold for taxes on December 28, 1897. In this catalogue appeared the relatrix's two lots, charged, not only with the sewer assessment already mentioned, but with an assessment for grading and paving, which was not returned to the registrar as unpaid until after the preparation of the first catalogue. The regularity of the proceeding in respect to the notice of the sale given in the first catalogue, and the adjournment thereof down to the day on which the sale was actually made, is not open to serious question. There is not the slightest evidence that the preparation of the second catalogue, and its presence in the registrar's office, where possible purchasers might have obtained it before the adjourned day, really misled the relatrix or anybody else. It is true that the relatrix does allege in her petition, in general terms, that owing to the distribution of the said catalogue, showing that the said property would be sold on the 28th day of December, 1897, she was misled as to the date of the sale; but she states no fact showing that her action in respect to the sale was any different from what it would have been in the absence of the second catalogue. It does not appear that she ever saw the latter pamphlet prior to the sale; and, if she did see it, the slightest inquiry would have informed her that it did not purport, and was not intended, to affect the adjournment previously ordered. Nor is there any proof that the intervening publication of the second catalogue confused or misled intending purchasers. It is possible that it may have done so, but that possibility does not entitle the property owner to have the tax sale adjudged null and void, as she demands in this proceeding. In a case where the owner could prove actual injury sustained by him in consequence of misleading notices by the selling officer, he could resort to the remedy by action to set aside the sale; but, in the absence of evidence from which such injury may be found as a matter of fact, we have no case of clear legal right, such as should be presented to authorize relief by means of the writ of mandamus.

The second objection to the validity of the tax sale seems even less substantial. We are unable to perceive how the owner can be injured by having his property sold for one assessment instead of two. It is true, as counsel argues, that taxes on real estate not only constitute a lien on the land, but are collectible out of the personal property of the landowner. Haight v. Mayor, etc., 99 N. Y. 280, 1 N. E. 883. Here the plaintiff, instead of receiving the purchase price paid upon the tax sale, less two assessments, will receive it with only one assessment deducted, and will have in pocket just so much more money with which to pay the second assessment, which she thinks ought to have been charged against the property at the time when it was sold.

The learned judge below was clearly right in denying the relatrix's application, and the order of the special term should be affirmed, with $10 costs and disbursements. All concur.