1. TAXATION—DOMESTIC CORPORATIONS—REALTY—ASSESSMENT.

Where an assessment has been levied on the real estate of a domestic corporation in the borough of Manhattan and it has been entered in the "Annual Record of the Assessed Valuations of Real and Personal Estate of the Borough," kept under Laws 1901, p. 380, c. 466, § 892, it is valid, and need not be entered in the "Annual Record of the Assessed Valuation of Real and Personal Estate of Corporations," required to be kept by section 893 of such law.

Application by the People, on the relation of the Manhattan Life Insurance Company, against James L. Wells and others, commissioners of taxes and assessments of the city of New York. Motion to quash. Granted.

M. F. Neville (Benj. F. Tracy, of counsel), for relator.

George L. Rives, Corp. Counsel (David Rumsey, of counsel), for defendants.

BLANCHARD, J. This is a motion by the defendants to quash a writ of certiorari to review an assessment upon real estate of the relator for the purpose of taxation for the year 1902. The petition shows that the relator was a New York corporation, with its principal place of business in the borough of Manhattan, and the owner of certain real property in said borough; that by section 893 of the Greater New York charter (Laws 1901, p. 380, c. 466) it is provided that "the department of taxes and assessments shall cause to be prepared and kept in the main office of the department of taxes and assessments, books to be called 'The Annual Record of the Assessed Valuations of Real and Personal Estate of Corporations,' and it shall be the duty of the deputy tax commissioners in the several districts in the several boroughs which may be assigned to them for that pur-

pose by the board of taxes and assessments, to furnish to the department of taxes and assessments, under oath at their main office, at the time such statement is filed in any office of the department of taxes and assessments in any borough other than the main office in the borough of Manhattan, a duplicate detailed statement of the assessable property of corporations, both real and personal, which said statements of said deputy tax commissioners shall be entered upon the books to be kept in the main office of the department of taxes and assessments, to be known as the 'Annual Record of the Assessed Valuation of Real and Personal Estate of Corporations,'" and that by section 894 of said charter it is provided that "the assessed valuation of all real and personal property of corporations shall be entered in duplicate in the office of the borough where the same is assessed and in the main office of the department of taxes and assessments in the borough of Manhattan"; that a deputy tax commissioner valued and assessed the property of the relator, and that the board of taxes and assessments illegally caused said assessment to be entered in a book required to be kept in the main office of said department in the borough of Manhattan, called the "Annual Record of the Assessed Valuation of Real and Personal Estate of the Borough of Manhattan" for the year 1902, when the same should have been, but was not, entered in said "Annual Record of the Assessed Valuations of Real and Personal Estate of Corporations" for the year 1902; that the Annual Record of the Assessed Real and Personal Estate was open for examination and correction in accordance with the requirements of the law, and was properly advertised, but that the board failed to advertise that the Annual Record of the Assessed Valuations of Real and Personal Estate of Corporations was open for examination and correction; that the board delivered, as required by law, to the board of aldermen, an assessment roll prepared from the annual record, which included the relator's real property, but that the board failed to deliver the Annual Record of the Assessed Valuations of Real and Personal Estate of Corporations, containing an assessment against relator's real property; that the board of aldermen confirmed said assessment roll, and that the tax imposed on relator's real property will become an apparent lien on its property; and that said assessment is illegal and void.

The contention of the relator, as the petition shows, is that the relator's real property was not entered in what it claims is the proper record, to wit, the Annual Record of the Assessed Valuations of Real and Personal Estate of Corporations, in accordance with section 893 of the charter, before quoted.

In order to comprehend properly the situation as it is here presented, certain other sections of the charter should be considered. Section 892 provides that:

"There shall be kept in the several offices established by the department of taxes and assessments books to be called 'The Annual Record of the Assessed Valuation of Real and Personal Estate of the Borough of ———,' in which shall be entered in detail the assessed valuations of such property within the limits of the several boroughs of the city of New York as established by this act, which said books shall be open for public inspection, examination and correction from the second Monday in January until the

first day of April in each year; but on said last mentioned day the same shall be closed to enable the board of taxes and assessment to prepare assessment-rolls of the several boroughs for delivery to the board of aldermen. The said board previous to and during the time said books are open as aforesaid for inspection shall advertise the fact in the 'City Record;' and in such other newspaper or newspapers published in the several boroughs created by this act as may be authorized by the board of city record."

The petition shows that the relator's real property was properly assessed in accordance with law, provided it need not be entered in the record of corporations called for by section 893 of the charter. It will be observed that the record which section 892 requires to be kept, the "Assessed Valuation of Real and Personal Estate," makes no exemption of the property of corporations. This record, it will be further observed, is required to be kept in the various boroughs in which the property is located, and this is the record which must be kept open for public inspection after notice is given by advertisement. When we take up section 893 for examination, we find that the "Record of the Assessed Valuations of Real and Personal Estate of Corporations," there provided to be kept at the main office of the board of taxes and assessments, is made up of duplicate records from the various boroughs. It will be observed that this record is not required by this section to be kept open for public inspection, nor must notice be published, as section 892 requires of the more general and comprehensive records required to be kept by virtue of that section. The purpose of having this corporation record complete in the main office is apparent from a perusal of section 898, which requires applications for revision and cancellation of assessments of corporations to be made at the main office of the board, whereas other applications of a similar character are addressed to the deputy tax commissioners for the various boroughs.

Section 894 contains a provision pertaining to real property assessments, which has a most important bearing upon this application, and which is not referred to in relator's petition. It is as follows:

"No tax or assessment shall be void by reason of the name of the rightful owner or owners, whether individuals or corporations, of real estate in any of the said boroughs not being inscribed in the assessment rolls or lists; but in such case no tax shall be collected except from the real estate so assessed."

It is expressly stated that this provision applies as well to corporations as to individuals, and it must be held, therefore, to comprehend within its scope as well the record as to corporations required to be kept by section 893 as the more comprehensive records required to be kept by section 892. Section 893 should therefore be interpreted in the light of the portion of section 894, just quoted. Interpreting it in that way, section 893 does not require a record to be kept of the assessment against the real property of corporations in cases where the collection of the tax accruing from assessment is sought to be enforced solely against the land. In such cases the assessment directly against the land, as required by section 892, is sufficient, for it is unnecessary to ascertain who the owner is, since, by virtue of section 894, the tax is not void if the rightful owner's name is not correctly stated. Where, however, it is sought to enforce the collection of the tax accruing as a result of the assessment of the real property of a

corporation against the corporation out of its personal property, and not to confine it to the enforcement of the lien upon the land assessed, then a compliance with the provisions of section 893 is necessary. Haight v. Mayor, 99 N. Y. 280, 1 N. E. 883. This is, in my judgment, the only rational interpretation of these sections, for it certainly cannot be intended to have the real property of corporations singled out for the purpose of having an entry thereof made against the corporation in a distinct record, when it is unnecessary to ascertain who the owner of such property is. Should it be desired to collect the tax accruing as a result of the assessment of real property of a corporation out of the personal property of the corporation, then for that purpose a compliance with the provisions of section 893 is necessary; but it does not render the tax void, if the provisions of section 893 are not complied with, so far as the collection of the tax is concerned, as a lien upon the real property, when section 892 has been fully complied with. It follows from the views here expressed that the motion to quash the writ should be granted.

Motion granted.